UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
======================================X
THE UNITED STATES OF AMERICA

                                  COUNSEL'S DECLARATION IN
                                  SUPPORT OF MOTION

        -against-

JOSEPH FUCCI,                          22 CR 598 (VB)

                  Defendant.
======================================X

        DOMENICK J. PORCO, being an attorney duly admitted to practice in this Court, affirms the following to be true under penalty of perjury:

        1. I am counsel for the defendant herein and submit this declaration in support of the instant motion for a reduction of the term of imprisonment portion of the defendant's sentence imposed on April 5, 2023.

## PROCEDURAL BACKGROUND

        2. On June 4, 2021 the defendant was arrested and charged with violating 21 U.S.C. §841 (b)(1)(B). On that day he was brought before a Magistrate Judge and I was appointed his counsel.

        in or about August of 2022 the Government informed me that it would agree to dispose of the matter with a guilty plea to a lesser offense, i.e., 21 U.S.C. §841 (b)(1)(C).

        3. The Government submitted a written plea agreement for the defendant to execute, but because the proposed agreement contained provisions I found

objectionable,[1] the plea offer was rejected and in November of 2022 the defendant pled guilty as charged without a plea agreement.

### THE COURT'S SENTENCING GUIDELINES CALCULATION

4. Mr. Fucci was sentenced on April 5, 2023. As required, before imposing sentence the Court conducted a calculation of the appropriate sentencing range under the Guidelines. The Court found that the adjusted Offense Level was 21 and that defendant fell within Criminal History Category IV. The Court placed Mr. Fucci in Category IV because under the then-existing provisions of §4A1.1 of the Guidelines he had amassed 8 criminal history points. The resulting sentencing range was 57-71 months of imprisonment and the Court imposed the top end of the range, i.e., 71 months.

### THE RETROACTIVE AMENDMENT OF GUIDELINES SECTION 4A1.1

5. On April 27, 2023 the Sentencing Commission voted to promulgate Amendment 821 to the Sentencing Guidelines. As relevant here, this amendment alters the application of the Guidelines with respect to those offenders who, like Mr. Fucci here, earned criminal history points based on commission of an offense while serving a criminal justice sentence. Specifically, under § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points, as did Mr. Fucci.

---

[1] The Government contended that the defendant was a "career offender" and therefore subject to a Guidelines sentencing range of 188-235 months of imprisonment. That contention was legally incorrect, as the Court ultimately ruled at sentencing.

6. Amendment 821 amends § 4A1.1 by eliminating those additional two points for any defendant who otherwise has six or fewer criminal history points. That is precisely the situation in this case: two of the eight points assessed against Mr. Fucci are based on the application of the now-deleted provision. The Amendment thus reduces Mr. Fucci's criminal history points to six, placing him in Category III with the resulting sentencing range to 46-57 months of imprisonment, subject to the 60-month mandatory minimum.

7. The Sentencing Commission has voted to give retroactive effect to this change, effective as of November 1, 2023. Accordingly, pursuant to 18 U.S.C. § 3582(c)(2), defendant respectfully moves for reduction of his sentence to 60 months of imprisonment, which is now the resulting Guidelines sentencing range. See the Revised Pre-Sentence Report, pp. 2-3.

## DEFENDANT'S INSTITUTIONAL ADJUSTMENT

8. Mr. Fucci was arrested on this matter on June 4, 2021. Except for a one-week period immediately following his arrest he was in detention until his sentencing in June of 2023. He is currently imprisoned at the Fort Worth Federal Medical Center in Fort Worth, Texas. As of this date, then, he has served a total of 31 months imprisonment. According to the Bureau of Prisons website (https://www.bop.gov/inmateloc//) he is scheduled to be released on April 4, 2026. Clearly, if the Court grants a sentence reduction now his release date will be advanced accordingly.

9. As I argued to the Court at sentencing, during his lengthy pre-trial detention Mr. Fucci took stock of his life and he came to recognize that it was time

for him to make significant changes.  As he stood before the Court at sentencing he expressed his remorse for the waste that his life has been to date and vowed to treat this last episode as an opportunity for a new beginning.  I was then impressed with the sincerity of Mr. Fucci's commitment to change his ways; I am all the more so now.

      10. Attached to these papers as exhibits are two letters to the Court, each written by a corrections officer who had daily contact with Mr. Fucci during the period of his incarceration:

> As his supervisor over the past six months, I have personally seen him grow and mature both spiritually and mentally.  I believe Mr. Fucci has every intention of improving since he has already taken classes while here at Federal Medical Center in Fort Worth to help him make better decisions when he is released back into society. ... Mr. Fucci has thus far shown to a steadfast and resolute demeanor in moving past his previous mistakes in a constructive and successful manner.

Letter of Jamaal Webb, Exhibit A.

> I was assigned to the housing unit Mr. Fucci was on majority of my working days. He was one of the very few individuals I could go to if I needed information of how the unit is doing and if there's potential conflicts, I should be aware of so it can be reported. Furthermore, Mr. Fucci was somebody I saw that attracted a lot of other individuals for mentoring during their time as well. He would also stick up for individuals that

would get bullied because they knew that individual wouldn't do anything and could be taken advantage of.

Letter of David M. DelDuco, Exhibit B.

11. I respectfully submit that Mr. Fucci is a worthy candidate for relief under the amended Guidelines.

WHEREFORE, it is respectfully requested that the relief sought herein be granted, together with such other relief as the Court deems proper.

AFFIRMED UNDER PENALTY OF
PERJURY JANUARY 31, 2024.

_____
DOMENICK J. PORCO