UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :   **ORDER**
v.                                :
                                  :   22 CR 598 (VB)
JOSEPH FUCCI,                     :
                      Defendant.  :
--------------------------------------------------------------x

      Pending before the Court is defendant Joseph Fucci's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, based on Part A of Amendment 821 to the Sentencing Guidelines. Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

      The government does not oppose the motion.

      For the reasons set forth below, the motion is GRANTED.

      On April 5, 2023, Fucci was sentenced principally to 71 months' imprisonment on his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1))(B). The applicable guideline range was 60-71 months' imprisonment, based on a final offense level of 21 and a criminal history category of IV. Fucci had 8 criminal history points, including 2 "status points" for committing the offense while on supervised release.

      Part A of Amendment 821 amended Guidelines Section 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than 7 criminal history points. As a result, Fucci now has 6 criminal history points and is in criminal history category III. At offense level 21, criminal history category III, the guideline range would be 46-57 months. However, Fucci was convicted of an offense for which the mandatory minimum sentence is 60 months' imprisonment. As a result, his amended guideline range is 60 months. See U.S.S.G. § 5G1.1(b). The parties agree Fucci is eligible for a sentence reduction pursuant to Amendment 821.

      Having considered the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court concludes a reduction of the term of imprisonment to 60 months is fair and appropriate. Although the offense was extremely serious, and Fucci has several prior convictions, the Court previously sentenced Fucci to a sentence within the then-applicable guideline range, and sees no reason to do otherwise now. Moreover, the mitigating factors that applied at the time of sentencing still apply. Also, a sentence of 60 months' imprisonment is adequate to deter Fucci from engaging in future criminal conduct, and deterrence is the most important sentencing factor here. Fucci's post-sentencing conduct has been generally positive, as reflected in the letters submitted with the motion. Finally, any public safety concerns posed by Fucci's early release are adequately mitigated by the fact that he will be closely supervised by the Probation Department for four years.

      Accordingly, defendant Joseph Fucci is resentenced to 60 months' imprisonment. All other components of the sentence remain as originally imposed on April 5, 2023.

Dated: February 27, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge